ORIGINAL

JUDGE PATTERSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA

   - v. -

HUGHIE GRAY,
 a/k/a "Hugh Goldson,"
 a/k/a "Michael Grant,"
SHARON HINDS,
LLOYD REID,
 a/k/a "Kevin,"
PETER BROWN,
 a/k/a "Pretty," and
BALDWIN ROSE,
 a/k/a "Bally,"

      Defendants.
- - - - - - - - - - - - - - - - - -x

**INDICTMENT**

S3 07 Cr. 971

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 2 5 2007

**COUNT ONE**

The Grand Jury charges:

1. From at least in or about April 2007 up to and including in or about October 2007, in the Southern District of New York and elsewhere, HUGHIE GRAY, a/k/a "Hugh Goldson," a/k/a "Michael Grant," SHARON HINDS, LLOYD REID, a/k/a "Kevin," PETER BROWN, a/k/a "Pretty," and BALDWIN ROSE, a/k/a "Bally," the defendants, and others known and unknown, unlawfully intentionally, and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that

1

HUGHIE GRAY, a/k/a "Hugh Goldson," a/k/a "Michael Grant," SHARON HINDS, LLOYD REID, a/k/a "Kevin," PETER BROWN, a/k/a "Pretty," and BALDWIN ROSE, a/k/a "Bally," the defendants, and others known and unknown, unlawfully, intentionally, and knowingly would and did distribute, and possess with intent to distribute, a controlled substance, to wit, 1,000 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Sections 812, 841(a)(1), and 841(b)(1)(A) of Title 21, United States Code.

OVERT ACTS

3.  In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.  On or about June 7, 2007, HUGHIE GRAY, a/k/a "Hugh Goldson," a/k/a "Michael Grant," the defendant, had a telephone conversation with LLOYD REID, a/k/a "Kevin," the defendant, concerning a marijuana transaction.

b.  On or about June 12, 2007, HUGHIE GRAY, a/k/a "Hugh Goldson," a/k/a "Michael Grant," the defendant, had a telephone conversation with a co-conspirator not named as a defendant herein ("CC-1"), concerning a marijuana transaction.

c.  On or about June 13, 2007, HUGHIE GRAY, a/k/a "Hugh Goldson," a/k/a "Michael Grant," the defendant, had a telephone conversation with SHARON HINDS, the defendant,

concerning a marijuana transaction.

    d. On or about June 14, 2007, HUGHIE GRAY, a/k/a "Hugh Goldson," a/k/a "Michael Grant," the defendant, had a telephone conversation with a co-conspirator not named as a defendant herein ("CC-2"), concerning a marijuana transaction.

    e. On or about August 16, 2007, PETER BROWN, a/k/a "Pretty," the defendant, was present in the Los Angeles, California area for purposes of conducting a marijuana transaction.

    f. On or about September 26, 2007, BALDWIN ROSE, a/k/a "Bally," the defendant, and a co-conspirator not named as a defendant herein ("CC-3"), drove to a trucking company located in Jamaica, New York, where CC-3 entered the cabin of a tractor trailer (the "Tractor Trailer").

    g. On or about September 29, 2007, CC-3 drove the Tractor Trailer, which had traveled through the Bronx, New York, on or about September 28, 2007, through the Cooksville, Tennessee area, with approximately $531,000 in United States currency contained within the Truck's cabin.

    (Title 21, United States Code, Section 846.)

### FORFEITURE ALLEGATION

    4. As a result of committing the controlled substance offense alleged in Count One of this Indictment, HUGHIE GRAY, a/k/a "Hugh Goldson," a/k/a "Michael Grant," SHARON HINDS, LLOYD

REID, a/k/a "Kevin," PETER BROWN, a/k/a "Pretty," BALDWIN ROSE, a/k/a "Bally," the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Information, including but not limited to: (1) $531,000 in United States currency that was seized on or about September 29, 2007, in connection with a car stop in Tennessee; and (2) a sum of money equal to $460,000 of United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count One.

<u>Substitute Asset Provision</u>

5. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 846 and 853.)

_____  
Deputy FOREPERSON

_____  
MICHAEL J. GARCIA  
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

HUGHIE GRAY,
a/k/a "Hugh Goldson,"
a/k/a "Michael Grant,"
SHARON HINDS,
LLOYD REID,
a/k/a "Kevin,"
PETER BROWN,
a/k/a "Pretty," and
BALDWIN ROSE,
a/k/a "Bally,"

Defendants.

---

INDICTMENT

S3 07 Cr. 971

(21 U.S.C. § 846)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

Deputy    Foreperson.